UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

    Plaintiff,

v.                                             CIVIL ACTION NO.: 1:11cv228 LMB/TRJ

DORA MCALLISTER, JAMIE MCALLISTER,
SARAH MCALLISTER, and QUINCY MCALLISTER,

    Defendants.

### COMPLAINT FOR INTERPLEADER

NOW COMES Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa., ("National Union"), by and through counsel, and for its Complaint for Interpleader, states as follows:

### JURISDICTION

1.    Jurisdiction is founded pursuant to 28 U.S.C. § 1335(a) and on the basis of federal question under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq., et al*. The National Union policy at issue is part and parcel of an employee benefit plan as defined in 29 U.S.C. § 1002. Thus, this action is governed exclusively by federal law and this Court has jurisdiction over this action.

### VENUE

2.    Venue is properly laid in the Eastern District of Virginia in that National Union is informed and believes that defendants Jamie McAllister, Sarah McAllister, and Quincy McAllister reside in this district and that said defendants have demanded that payment of the interpleaded funds be made to them in this district.

## PARTIES

3. National Union is a Pennsylvania corporation with its principal place of business in New York. National Union is engaged in the business of selling insurance products, and is authorized to conduct and is conducting such business in the Commonwealth of Virginia.

4. Upon information and belief, Defendant, Dora McAllister, is an individual who resides and is a citizen of the State of North Carolina, and was so at all relevant times.

5. Upon information and belief, Defendant, Jamie McAllister, is an individual who resides and is a citizen of the Commonwealth of Virginia, and was so at all relevant times.

6. Upon information and belief, Defendant, Sarah McAllister, is an individual who resides and is a citizen of the Commonwealth of Virginia, and was so at all relevant times.

7. Upon information and belief, Defendant, Quincy McAllister, is an individual who resides and is a citizen of the Commonwealth of Virginia, and was so at all relevant times.

## GENERAL FACTUAL ALLEGATIONS

8. At all times relevant, National Union had in force a group policy of Accidental Death and Dismemberment issued to Aramark Corporation ("Aramark") as policyholder, designated as Policy No. BSC 9035261-A (the "Policy"). The Policy afforded accidental death and dismemberment coverage to certain eligible employees of Aramark, including Mona McAllister (the "employee").

9. On February 12, 2009, the employee was stabbed to death in Arlington, Virginia.

10. The Policy was in full force and effect on the date of the employee's death. As a consequence, the total sum of Five Thousand Dollars ($5,000.00) was and is payable under the terms of the Policy (the "Death Benefit"). A copy of Policy is attached hereto as Exhibit "A", and incorporated by reference.

11. National Union is informed and believes, and thereon alleges, that there are conflicting beneficiary designations by the employee for the proceeds of the Policy on or before the date of the employee's death.

12. At some point after the employee began her employment with Aramark, the employee partially completed an "Hourly Employee Beneficiary Designation/Change Form" (the "Form"). A copy of the partially completed Form is attached hereto as Exhibit "B", and incorporated by reference.

13. Upon information and belief, the employee filled in all the general information requested about herself in Section A, entitled "Information About You."

14. Upon information and belief, the employee completed Section B of the Form, entitled "Beneficiary Designation – Basic Life", and identified her mother, Dora McAllister, as the primary beneficiary, and her daughter, Jamie McAllister, as the contingent beneficiary.

15. The employee failed to sign and date the Form.

16. Upon information and belief, the employee mailed the Form to the Aramark Benefits Services Center (the "Center"). On or about January 28, 2008, the Center received and accepted the Form.

17. Upon information and belief, the employee was never notified that her Form was incomplete.

18. Upon information and belief, the defendants disagreed over who among them are the proper beneficiaries, and are entitled to some or all of the Death Benefit.

19. Adverse and conflicting demands for payment of the Death Benefit have been made upon National Union by the defendants herein. Defendant Jamie McAllister is currently making a claim on behalf of herself, and Defendants Sarah McAllister and Quincy McAllister. Defendant Dora McAllister has also made a claim for the Death Benefit.

20. National Union makes no claim of entitlement to the Death Benefit. However, because of the dispute between the defendants concerning who, as between them, is entitled to some or all of the Death Benefit and interest accrued thereon, National Union has refrained from paying any of the defendants any part of the Death Benefit, and seeks Interpleader.

## COUNT I – INTERPLEADER

21. National Union re-alleges and incorporates herein by reference, as though set forth in full, the allegations of Paragraph Nos. 1-20 inclusive, above.

22. National Union claims no beneficial interest in the Death Benefit, but is a mere stakeholder.

23. National Union remains unable to determine the validity of the conflicting and adverse demands of the defendants for the Death Benefit and cannot determine to whom said Death Benefit should be paid. National Union cannot pay any part of the

$5,000.00 sum to any of the defendants without the danger of being compelled to pay said sum, or a portion thereof, to each of the defendants herein.

24.     National Union requests the permission of this Court to deposit in the registry of the Court the sum of $5,000.00 representing the proceeds of the Policy, and an amount of interest calculated to the date deposit is permitted, all of which is payable by virtue of the death of the employee. A proposed Order Directing Payment of Money Into Registry of Court is attached hereto as Exhibit "C."

WHEREFORE, Plaintiff, National Union, demands judgment as follows:

1.     That the Court accept the proceeds of the Policy and interest into its Registry;

2.     That the defendants be required to interplead and settle between themselves the respective rights to the said sum deposited with the Court, and that National Union be discharged from any other or further liability to the defendants, or any of them;

3.     That each of the defendants be restrained and enjoined from instituting, prosecuting, or maintaining, directly or indirectly, any claim or action of any type or kind against National Union arising from or in any manner connected with the Policy, the Death Benefit there under, and/or their respective claims for payment of some or all of such Death Benefit; and

4.     For other and further relief as the Court may deem proper.

Dated: February 28, 2011

Respectfully submitted,

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

/s/ Patrick D. Blake

Patrick D. Blake
(VSB # 45194)
Joseph P. Moriarty
(VSB # 68465)
J. David Crain
(VSB #78399)
*Counsel for National Union Fire
Insurance Company of Pittsburgh, P.A.*
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue
Wells Fargo Center, Suite 2200
Norfolk, Virginia 23510
Telephone: (757) 628-5500
Facsimile: (757) 628-5566
pblake@wilsav.com
jmoriarty@wilsav.com
dcrain@wilsav.com